UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBINSON,<br><br>        Defendant. | Case No. 1:22-cv-00742-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    BACKGROUND**

Lyralisa Lavena Stevens ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action. Plaintiff filed the complaint commencing this action on June 17, 2022. (ECF No. 1.) Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*.

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time she filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if she wants to proceed with the action.

**II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

1

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it . . .. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). *See also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

### III.   ANALYSIS

#### a.   Strikes

Plaintiff initiated this action on June 17, 2022. (ECF No. 1.) The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following cases, each of which counts as a "strike":

(1)   *Stevens v. Knowles, et al.,* Case No. 2:10-cv-00914-GGH (E.D. Cal). In this case, the court dismissed the operative complaint as frivolous and for failing to state a claim. (ECF No. 5.) Specifically, the court's reasoning cited the applicable law governing frivolous claims and found that it was "wholly unclear on what basis plaintiff seeks to proceed in this court." (*Id.* at 3-4.) Additionally, the court set forth the legal standards for an Eighth Amendment deliberate indifference to serious medical needs claim and found that Plaintiff's complaint "lack[ed] coherence" and was subject to dismissal with leave to amend. (*Id.* at 4-5.) On October 29, 2010, after Plaintiff failed to file an amended complaint, the Court dismissed the claims in the original claim with prejudice. (ECF No. 10.) *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a "strike" under § 1915(g).")

(2)   *Stevens v. Mal, et al.,* Case No. 2:12-cv-00239-GEB-KJN (E.D. Cal). On September 4, 2013, the court dismissed Plaintiff's claims because they were duplicative of a prior state court action and barred by the doctrine of res judicata. (ECF No. 40; *see also* ECF No. 37.)

Although dismissal on res judicata grounds is not a "strike" per se, a duplicative complaint may be considered frivolous and therefore a "strike" for purposes of § 1915(g). *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (recognizing that a complaint that "merely repeats pending or previously litigated claims" may properly be considered frivolous); *Lamon v. Mey,* 2021 WL 2679058, at *5 (E.D. Cal. June 30, 2021) (finding that a dismissal on res judicata grounds was a "strike" because the plaintiff raised claims that had been previously raised, or were related to claims that were previously raised, and therefore "rang the PRLA bells of frivolous, malicious, or failure to state a claim") (quoting *El-Shaddai v. Zamora,* 833 F.3d 1036, 1042 (9th Cir. 2016); *Lamon v. Pfeiffer,* 2021 WL 3602144, at *4-5 (E.D. Cal. Aug. 13, 2021) ("Several different courts, including this Court, have concluded that a dismissal based on res judicata may constitute a strike under the PLRA if the prior court's determination demonstrates that res judicata was a fully sufficient condition to warrant dismissal.") (citations omitted); *Hoffman v. Borgees,* 2018 WL 1737577, at *2 (E.D. Cal. Apr. 11, 2018) (treating a duplicative lawsuit as frivolous and therefore a "strike" where the filing was not merely a mistake and the court rejected plaintiff's arguments that it was not in fact duplicative).  A plaintiff's good faith argument may weigh against a finding that a duplicative case is "frivolous" or "malicious." *Furnace v. Giurbino,* 838 F.3d 1019, 1029 n.7 (9th Cir. 2016). Here, however, the court found that Plaintiff's arguments were "unavailing" and lacked legal support. (ECF No. 37 at 5-6.) Moreover, the court found that the two actions brought identical claims, sought the same form of relief, and involved the same parties or those in privity with them. (*Id.* at 7-11.) Indeed, "the instant action [was] subject to the res judicata bar because plaintiff [was] attempting to re-litigate the specific claims she raised in the state habeas action, relying on the same evidence heard by the state court." (*Id.* at 13.) Because Plaintiff's complaint was dismissed for repeating previously litigated claims in a way that would be considered frivolous, the Court recommends considering this dismissal a "strike" under § 1915(g).

(3) *Stevens v. Beard,* Case No. 1:17-cv-01002-AWI-SAB (E.D. Cal). In this case, the court also dismissed Plaintiff's claims as barred by res judicata. (ECF No. 38.) Specifically, the complaint brought the same claims that were dismissed in *Stevens v. Mal, et al.* and the underlying state court action. (*Id.* at 5-6.) Thus, Plaintiff's complaint again merely repeated

3

previously litigated claims. *See Cato,* 70 F.3d at 1105 n.2. However, in this case, the court further reasoned that "the Complaint does not plausibly allege an Eighth Amendment violation" even if res judicata does not apply. (*Id.* at 7-9.) Therefore, the court found that Plaintiff's claims "are either barred by res judicata or reflect a difference of opinion instead of actionable deliberate indifference." (*Id.* at 9.) *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011) (concluding that dismissals for failure to state a claim count as "strikes").

(4)   *Stevens v. Becerra, et al.,* Case No. 1:21-cv-00346-DAD-JLT (E.D. Cal). In this case, the court dismissed Plaintiff's complaint without leave to amend because it was "legally frivolous." (ECF Nos. 10 at 4, 12 at 2.)

Based on the foregoing, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

b. <u>Imminent Danger</u>

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless she was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet her burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). *See also Martin*, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the

4

'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055 (9th Cir. 2007).

Here, Plaintiff's complaint alleges that Defendant Robinson has repeatedly misgendered her and refused to use proper pronouns when speaking to her. (ECF No. 1 at 3-4.) Additionally, Defendant Robinson wrongfully caused another officer to open Plaintiff's cell door and order Plaintiff to meet with Defendant Robinson. (*Id.* at 5.)

These allegations do not demonstrate that there is a real and imminent threat to Plaintiff's personal safety. Plaintiff's allegations focus on verbal communications and a single instance of allegedly wrongfully opening Plaintiff's cell and ordering her to meet with Defendant Robinson. None of these allegations involve any "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury" as required to establish imminent danger. *See Martin*, 319 F.3d at 1050.

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when she filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if she wants to proceed with the action.

**IV.     CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and

5

2. Plaintiff be directed to pay the $402.00 filing fee in full if she wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **June 29, 2022**                         /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

6