UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBINSON,<br><br>　　　　Defendant. | No. 1:22-cv-00742-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 5) |

Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initially filed her complaint commencing this action on June 17, 2022. (Doc. No. 1.) Plaintiff did not pay the required filing fee or file an application to proceed *in forma pauperis*. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 29, 2022, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the required filing fee in full if she wishes to proceed with this action because: (1) she is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in her complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 5.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days from the date of service. (*Id.*) On

1

July 20, 2022, plaintiff filed objections to the findings and recommendations. (Doc. No. 6.) Therein, plaintiff outlines her allegations against defendant and also objects to the magistrate judge's consideration of the dismissal orders in *Stevens v. Mal, et al.*, No. 2:12-cv-00239-GEB-KJN (E.D. Cal.) and *Stevens v. Beard*, 1:17-cv-01002-AWI-SAB (E.D. Cal.) as strikes pursuant to 28 U.S.C. § 1915(g). (*Id.* at 4.) Additionally, plaintiff contends that she suffers from a brain tumor, which would qualify as a foreseeable imminent danger, injury, or harm justifying her *in forma pauperis* status. (*Id.* at 5.) The court does not find plaintiff's arguments persuasive. With respect to *Stevens v. Mal, et al.*, the assigned magistrate judge correctly concluded that plaintiff's complaint in that action was dismissed "for repeating previously litigated claims in a way that would be considered frivolous" and thus qualified as a strike under § 1915(g). (Doc. No. 5 at 3.) Similarly, with respect to *Stevens v. Beard*, the assigned magistrate judge correctly determined that that plaintiff's complaint in that action was dismissed both for repeating previously litigated claims and for failing to plausibly allege an Eighth Amendment violation. (*Id.* at 4.) Accordingly, the dismissal of that case too qualified as a strike under § 1915(g).

Lastly, with regard to plaintiff's real and imminent threat argument, the court is sympathetic to plaintiff's apparent illness, but that illness does not demonstrate that there is a real and imminent threat to her personal safety or a "pattern of misconduct evidencing the likelihood of imminent serious physical injury" as required to establish imminent danger. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Moreover, "in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury *that is both fairly traceable to unlawful conduct alleged in [her]s complaint and redressable by the court.*" *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (emphasis added). Plaintiff's unfortunate medical condition does not satisfy this standard.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

Accordingly,

1. The findings and recommendations entered on June 29, 2022 (Doc. No. 5), are adopted;
2. Pursuant to 28 U.S.C. § 1915(g), plaintiff is not allowed to proceed *in forma pauperis* in this action;
3. Within thirty (30) days from the date of service of this order, plaintiff is required to pay in full the $402.00 filing fee for this action;
4. Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice; and
5. This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **August 9, 2022**

_____
UNITED STATES DISTRICT JUDGE