UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA LAVENA STEVENS,<br><br>             Plaintiff,<br><br>      v.<br><br>ROBINSON,<br><br>             Defendant. | Case No.  1:22-cv-00742-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Lyralisa Lavena Stevens is a state prisoner proceeding *pro se* in this civil rights action. (ECF No. 1). Despite the District Judge ordering Plaintiff to pay the $402 filing fee in this case, Plaintiff has failed to do so. (ECF No. 7). Because Plaintiff has failed to pay the filing fee and comply with a court order, the Court recommends dismissal of this case.

**I.      BACKGROUND**

Plaintiff filed this lawsuit on June 17, 2022, generally alleging constitutional violations related to the allegation that Defendant Robinson has repeatedly misgendered her and refused to use proper pronouns when speaking to her. (ECF No. 1, p. 2-4). Further, Plaintiff alleges that Defendant Robinson wrongfully caused another officer to open Plaintiff's cell door and order Plaintiff to meet with Defendant Robins. (Id. at 5).

1

On June 29, 2022, the Court issued findings and recommendations, recommending that Plaintiff may not proceed *in forma pauperis* in this action and instead be directed to pay the required filing fee in full because: (1) she is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in her complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (ECF No. 5).

The District Judge adopted the findings and recommendations on August 9, 2022, and ordered Plaintiff to pay the filing fee within thirty days, warning that failure to do so would result in the dismissal of this action without prejudice. (ECF No. 7). However, Plaintiff failed to submit the filing fee as ordered and the time to do so has expired.

## II.     ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to pay the filing fee as required by a court order. Allowing this case to proceed further, without any indication that Plaintiff will pay the filing fee, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to pay the filing fee, despite being warned of dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. (*See* ECF No. 7). And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III.    CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.    This case be dismissed, without prejudice, because of Plaintiff's failure to pay the filing fee and comply with a court order; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

//

//

//

1  Plaintiff is advised that failure to file objections within the specified time may result in the
2  waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing
3  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 26, 2022**          /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE